No. 3112

Second Circuit

STRAUSMAN v. WOLINSKI AND LEVY

(May 22, 1928.   Opinion and Decree.)
(June 28, 1928.   Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Sales—Par. 111, 116.**
Where shipment was made by defendants to their own order with draft attached, in default of proof to the contrary, the place of sale as well as obligation of delivery was to be completed and performed at the place of destination, and the carrier was the agent of the defendants.

2. **Louisiana Digest—Sales—Par. 119, 124.**
Where the purchaser of goods had the right to inspect them before acceptance but did not do so, he will be held for payment for these goods even though the goods delivered by the carrier were inferior to those shipped by the seller.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Morris Strausman against Wolinski and Levy.

There was judgment for plaintiff and defendants appealed.

*Judgment affirmed.*

Robertson and Gibbs, of Shreveport, attorneys for plaintiff, appellee.

Crain, Jackson and Johnston, of Shreveport, attorneys for defendants, appellants.

WEBB, J. The plaintiff, Morris Strausman, while in Chicago, on June 21, 1926, purchased from defendants, Wolinski & Levy, a partnership composed of Mandel Wolinski and Harry Levy, four hundred and thirty-two pairs of second-hand shoes and five dozen pairs of hose at the price of seven hundred and fifty-five and 20-100 dollars and made a deposit of fifty dollars at that time, and the shipment was to be made to plaintiff at Shreveport with sight draft attached to the bill of lading for the balance of seven hundred and five and 20-100 dollars.

The draft with bill of lading attached was sent to the Commercial National Bank of Shreveport, and the draft being paid to the bank the bill of lading was delivered, and on presentation of the bill of lading to the carrier the shipment was delivered to plaintiff.

In this action the plaintiff alleges that the defendants had substituted in the place of the shoes purchased a lot of worthless shoes and shipped same to plaintiff and that defendants were indebted to it in the sum of seven hundred and fifty-five and 20-100 dollars, and alleging that defendants were non-residents, he obtained a writ of attachment under which the shoes claimed to have been received by plaintiff were seized and garnishment issued against the Commercial National Bank.

The Commercial National Bank answered the garnishment process, stating that it had received from the Community State Bank of Chicago a sight draft drawn by defendants, Wolinski & Levy, on plaintiff, Morris Strausman, payable to the order of the Community State Bank of Chicago for seven hundred and five and 20-100 dollars, with bill of lading attached, which draft was paid by plaintiff, and that it had in its hands its own draft drawn on the Chemical National Bank of New York for the amount,

less exchange, or $704.20, and therefore it denied any indebtedness to defendants or having any property in its possession belonging to defendants, and defendants appeared through counsel and excepted that the petition failed to show a cause of action, which was overruled, and they then answered pleading, in effect, the general denial.

The cause was tried and judgment rendered in favor of the plaintiff and against Mandel Wolinski and Harry Levy in solido for seven hundred forty-five and 20-100 dollars, and sustaining the writ of attachment, with recognition of a privilege to the extent of the judgment, and ordering the property attached and the funds in the hands of the Commercial National Bank sold and the proceeds applied to the payment of the judgment, from which the defendants appeal.

The principal ground upon which the defendants rely for the reversal of the judgment is, that the court erred in its finding of fact, as to which it is argued this court is in equally as good position to determine the weight to be given to the evidence as the trial court was, in that the evidence on behalf of the defendants was taken under commission, and considering the trend of the evidence offered by the parties.

That is, the evidence offered by plaintiff tended to establish that the shoes which had been selected by him had not been delivered to him by the carrier, while the evidence offered by defendants tended to show that the shoes which had been selected by plaintiff had been delivered to the carrier, and considering the improbability of other second-hand shoes being substituted while in the hands of the carrier, that the evidence should have been considered solely with reference to the degree of certainty with which the evidence established the facts contended for by the respective parties.

That is, unless it could be said that the evidence offered by plaintiff established with greater certainty that the shoes selected by him had not been delivered by the carrier than the evidence offered by defendants established that the shoes selected by plaintiff had been delivered to the carrier, judgment should have been rendered in favor of defendants.

Considering the evidence of the parties tending to directly establish the facts, that is, as to the delivery to the carrier by defendants and non-delivery by the carrier to plaintiff, the proof is, we think, about equally balanced; however, the evidence establishes that the shipment was made by defendants to their own order with draft attached, and in default of proof to the contrary the place of sale as well as obligation of delivery was to be completed and performed at the place of destination, and the carrier was the agent of the defendants. (R. C. L. vols. 23, 24, No. 75; 307, also First National Bank vs. Henderson Cotton Oil Co., 157 La. 394, 102 So. 501; Canal-Commercial Trust & Savings Bank vs. N. O. T. & M. Ry. Co., 161 La. 1051, 109 So. 834), and we are of the opinion that plaintiff had the right to inspect the goods before delivery, and it being established that defendants refused to grant him such right and wrote plaintiff to take the shipment out and that they would make good any claims made by him if he was not satisfied is a material circumstance to be considered in weighing the testimony of the parties, where it is argued that one or the other was guilty of fraud, and we think that the preponderance of the evidence supported the position of the plaintiff that the shoes selected by him had not been delivered by the carrier, and that the court correctly so held.

The defendants further suggest that the judgment was erroneous in that it was against the members of the partnership and that it was also erroneous as to the funds in the hands of the Commercial National Bank. However, under the pleadings and the evidence the judgment could have been rendered against the partnership as well as the individual members, and we do not think the individual members have any cause to complain if the plaintiff did not choose to have the decree so written, and as the plaintiff does not make any complaint of the decree and as the Commercial National Bank has not appealed or made any appearance here, we do not think that the defendants can complain as to the judgment as it may affect the bank. The judgment appealed from is therefore affirmed.